UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
BARBARA S. PARRETT FAMILY
PARTNERSHIP, LTD.,

                              Plaintiff,        **REPORT AND RECOMMENDATION**

       -against-                          2:23-cv-04077-FB-ST

QUANTUM REALTY DEVELOPMENT, INC.,
WILLIAM SANTOPIETRO, FULL VALUE
CAPITAL LLC, TOP OF THE LINE PLUMBING
& HEATING CORP., and WORKERS
COMPENSATION BOARD OF THE STATE OF
NEW YORK, "JOHN DOE #1" through and
including "JOHN DOE #25," the defendants last
named in quotation marks being intended to
designate tenants or occupants in possession of the
herein described premises or portions thereof, if any
there be, said names being fictitious, their true name
being unknown to plaintiff,

                             Defendants.
---------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

      Plaintiff, Barbara S. Parrett Family Partnership, Ltd. ("Parrett"), brought an action to foreclose a mortgage on real property pursuant to section 1301, *et seq.,* of the New York Real Property Actions and Proceedings Law ("RPAPL") against Defendants[1] Quantum Realty Development, Inc. ("Quantum"), William Santopietro ("Santopietro"), and Top of the Line Plumbing & Heating Corp. ("Top of the Line"), individually, (collectively "Defendants"). *See* Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for a Default Judgment of

---

[1] Note, these are the only Defendants named in Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for a Default Judgment of Foreclosure and Sale and the Declaration of Regularity in Support of Default Judgment of Foreclosure and Sale. *See* ECF 20-5 at pdf page 2; ECF 20-1 at ¶ 7. Plaintiffs' Memorandum in Support is not numbered so the Court will refer to the page numbers of the pdf file itself for ease of reference.

1

Foreclosure and Sale ("Plaintiff's Memo in Support") at 2, ECF 20-5. Plaintiff alleges that Defendants have failed to appear or otherwise defend this action and therefore moves for Default Judgment of Foreclosure and Sale. *See* Plaintiff's Memo in Support at 8, ECF 20-5.

The Honorable Frederic Block referred this matter to the undersigned to issue a Report and Recommendation.

For the reasons set forth below, this Court respectfully recommends that the District Court grant Plaintiff's Motion for Default Judgment of Foreclosure and Sale, and award Plaintiff damages totaling **$428,541.03**, with the exception of attorney's fees, as described herein.

**I.    BACKGROUND**[2]

**A. Factual Background**

*1. The Parties*

Plaintiff, Parrett, was and is a Florida limited partnership whose limited partner, Pamela Rabin, is domiciled in the State of Florida, County of Miami-Dade, with an address at 19280 SW 220 Street, Miami Florida, 33170. *See* Pl. Compl. at ¶ 2, ECF No. 20-2. Parret is the owner and holder of the original Mortgage Note[3] and Mortgage[4] encumbering the property commonly known as 15 Bayview Street East, Massapequa, New York 11758[5] dated August 16, 2021 made by Quantum to Plaintiff to secure the sum of $650,000.00 and interest, recorded on September 10,

---

[2] Given that Defendants have not responded to Plaintiff's Complaint or filed any papers in this lawsuit, the factual background will be solely based upon Plaintiff's allegations in the Complaint and the Memorandum of Law in Support of Plaintiff's Motion for a Default Judgment of Foreclosure and Sale, plus supporting materials.

[3] The Mortgage Note was executed by Quantum, solely, on August 16, 2021 and refers to Section 66; Block 36; Lots 27 to 34 and 57 to 64, premises known as 15 Bayview Street, East Massapequa, NY 11758. However, page 2 of the Note only refers to Lots 27 to 34 with no reference to Lots 57 to 64. *See* Pl. Compl. Ex. D, ECF 20-2.

[4] The Mortgage was executed by Quantum and Santopietro on August 16, 2021 and refers to Section 66; Block 36; Lots 27 to 34 and 57 to 64. *See* Pl. Compl. Ex. C, ECF 20-2.

[5] Although the Complaint identifies the premises as 15 Bayview Street East, Massapequa, New York 11758, the Mortgage and Note identify the premises as 15 Bayview Street, East Massapequa, New York 11758. *Compare* Pl. Compl. ¶ 1, ECF 20-2; Pl. Compl. Exs. C, D, ECF 20-2. Further, the premises is also identified as Section 66, Block 36, Lot 85 in the Nassau County Clerk records. *See* Pl. Compl. Ex. E, ECF 20-2.

2

2021. *Id.* at ¶¶ 1, 11 and 15. Plaintiff alleges that Defendants have defaulted on mortgage payments and owe $445,560.52[6] in damages. *See* Affidavit of Pamela Rabin, dated September 29, 2023 ("Rabin Aff.") at ¶ 15, ECF 20-4.

Defendant Quantum, upon information and belief, is a New York corporation with an address at 141 Andrews Road, Mineola, New York 11501, in the County of Nassau. *See* Pl. Compl. ¶ 3. Plaintiff's Complaint alleges that Quantum is a necessary party defendant to this action as Quantum, "(i) was present at the time of the execution of the Note and Mortgage (as such terms are defined below); (ii) is the borrower of the loan; and (iii) is the Mortgagor under the Mortgage." *Id.*

Defendant Santopietro, upon information and belief, is an individual resident of the State of New York with an address at 97-21 134th Road, Ozone Park, New York 11417, in the County of Queens. *Id.* at ¶ 4. Plaintiff's Complaint alleges that Santopietro is a necessary party defendant to this action as Santopietro, "(i) was present at the time of the execution of the Note and Mortgage (as such terms are defined below) and (ii) is a Mortgagor under the Mortgage." *Id.* Plaintiff further alleges that Santopietro is also a *Mortgagor*[7] of the Subject Property pursuant to a certain loan in the amount of $650,000.00 dated August 16, 2021 and docketed September 10, 2021. *Id.*

Defendant, Top of the Line, upon information and belief, is a New York corporation with an address at 15 Grant Street, Copiague, New York 11726, in the County of Suffolk. *Id.* at ¶ 6. Plaintiff's Complaint alleges that Top of the Line is a necessary party defendant to this action because it is a judgment creditor by virtue of that certain Suffolk County judgment docketed May

---

[6] Note, this Court will conduct its own calculations *infra*, which differ slightly from Plaintiff's, but for now this Court is noting Plaintiff's requested amount.
[7] Based upon the rest of the sentence noted above and the $650,000.00 loan referenced, it appears that the Complaint was intended to say "mortgagor" rather than "mortgagee" as written in the Complaint and is therefore corrected above.

3

11, 2023 for $36,175.00 against the borrower(s) and/or the Subject Property, which is subordinate to the Plaintiff's mortgage. *Id.*

  *2. Summary of Relevant Allegations*

Plaintiff alleges that the Mortgage dated August 16, 2021 made by Quantum to Plaintiff to secure the sum of $650,000.00 and Mortgage Note executed and delivered to Plaintiff is outstanding. *Id.* at ¶¶ 11-12; Rabin Aff. at ¶ 10. According to Plaintiff's Complaint, Defendants' last payment of $350,000.00 was received via check on November 16, 2021, and since receipt, Defendants have failed to comply with the terms and provisions of said Mortgage and instruments secured by the Mortgage by failing to make the monthly payments due on December 16, 2021. *See* Pl. Compl. ¶¶ 13, 16; *see also* Rabin Aff. at ¶ 5. Plaintiffs further allege that as of September 14, 2023, Defendants maintain an outstanding principal balance of $300,000.00, owe $109,437.62[8] in accrued interest, are in arears for $19,234.90 in property taxes, and owe attorneys' fees in the amount of $16,888.00, constituting an outstanding default of $445,560.52[9] per Rabin. *See* Rabin Aff. at ¶¶ 7-15.

In response to Defendants' default, a Default Notice to Cure was issued on February 8, 2023 to Quantum and Santopietro and a thirty-day notice pursuant to RPAPL section 1304(1) was also issued on February 8, 2023 to Quantum and Santopietro. *See* Pl. Compl. at ¶¶ 17-18. Plaintiff alleges that it has complied with the requirements of RPAPL sections 1302, 1304, and 1306(1) and all applicable provisions of New York Banking Law sections 595a and Section 6-1. *Id.*

---

[8] As noted earlier, this Court will review its own calculations *infra*, which differ from Plaintiff's, but for now this Court is noting Plaintiff's requested amount.
[9] Again, this Court will review its own calculations *infra*, which differ from Plaintiff's, but for now this Court is noting Plaintiff's requested amount.

Finally, Defendants Quantum, Santopietro, and Top of the Line, as of the date herein, have failed to respond to the Default Notice.  *See* Clerk's Certificate of Default, ECF 19.[10]

### B.     Procedural History

On June 1, 2023, Plaintiff filed its Complaint against the Defendants and served a summons to each of the Defendants.  *See* ECF 1-6.  Defendants Quantum, Santopietro, and Top of the Line have not responded and are in default since they have not filed an answer or otherwise moved with respect to the Complaint herein.  *See* Clerk's Certificate of Default, ECF 19.

On September 29, 2023, Plaintiff filed a Memorandum of Law in Support of Plaintiff's Motion for Default Judgment of Foreclosure and Sale ("Motion").  *See* ECF 20-5.

On September 29, 2023, the Honorable Frederic Block referred the instant Motion to this Court to issue a Report and Recommendation.  *See* ECF Docket entry for electronic order dated September 29, 2023.

## II.    JURISDICTION

This Court has diversity of citizenship jurisdiction over this action under 28 U.S.C. §1332. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. The subject property is located in the Eastern District of New York and the events giving rise to this action took place within the jurisdiction of this Court.  Venue is deemed proper in this district pursuant to 28 U.S.C. § 1391.

## III.    LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure calls for a two-step process for obtaining a default judgment.  *See Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011).  First,

---

[10] Note, Pl. Compl. at ¶ 19 only states that: "As of the date herein, Quantum and Santopietro have failed to respond to the Default Notice," but the Clerk's Certificate of Default at ECF 19 notes that Defendant Top of Line also failed to respond as well.  The Default was noted pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

the plaintiff must request entry of default by the Clerk of the Court. *Id*. (citing Fed. R. Civ. P. 55(a)). Second, "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." *See* Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).[11]

Once the plaintiff meets these requirements, the court must accept the factual allegations in the plaintiff's complaint as true and must draw all reasonable inferences in the plaintiff's favor. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). Then, the court must determine whether these facts establish the Defendants' liability as a matter of law. *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (citations omitted). The court, however, "need not credit the plaintiff's legal conclusions." *Gustavia Home, LLC v. White*, No. 116CV06926CBARER, 2017 WL 6403071, at *2 (E.D.N.Y. Apr. 28, 2017), *report and recommendation adopted*, No. 16CV6926CBARER, 2017 WL 6403858 (E.D.N.Y. Dec. 14, 2017) (internal citations omitted).

Unlike allegations pertaining to liability, allegations in the complaint relating to damages are not deemed admitted upon entry of default; instead, the court considers whether the plaintiff

---

[11] Note, Local Rule 55.2, entitled "Default Judgment" provides: "(a) By the Clerk. Upon issuance of a Clerk's certificate of default, if the claim to which no response has been made only sought payment of a sum certain, *and does not include a request for attorney's fees or other substantive relief*, and if a default judgment is sought against all remaining parties to the action, the moving party shall submit an affidavit showing the principal amount due and owning, not exceeding the amount sought in the claim to which not response has been made, plus interest, if any, computed by the party, with credit for all payments received to date clearly set forth, and costs, if any, pursuant to 28 U.S.C. §1920. (b) By the Court. In all other cases the party seeking a judgment by default shall apply to the Court as described in Fed. R. Civ. P. 55(b)(2), and shall append to the application (1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment." (emphasis added). Because Plaintiff seeks attorneys' fees here, as noted *supra*, the instant Motion and request for monetary relief is properly before this Court to consider.

6

"has met the burden of proving damages to the court with 'reasonable certainty.'" *J & J Sports Prods., Inc. v. LX Food Grocery Inc.*, No. 15CV6505NGGPK, 2016 WL 6905946, at *2 (E.D.N.Y. Nov. 23, 2016) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). A court need not conduct evidentiary hearing to determine damages "as long as it ensured that there was a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997) (quoting *Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)). "Detailed affidavits and other documentary evidence can suffice in lieu of an evidentiary hearing." *Llolla v. Karen Gardens Apartment Corp.*, No. 12-CV-1356 MKB JO, 2014 WL 1310311, at *3 (E.D.N.Y. Mar. 10, 2014), *report and recommendation adopted as modified*, No. 12-CV-1356MKB, 2014 WL 1311773 (E.D.N.Y. Mar 28, 2014) (internal citations omitted).

## IV. DISCUSSION

### A. Liability

"In an action to foreclose on a mortgage, the essential requirements of the plaintiff's case are proof of the existence of an obligation secured by a mortgage, and a default on that obligation." *United States v. Freidus*, 769 F. Supp. 1266, 1277 (S.D.N.Y. 1991) (citing *Northeast Savings, F.A. v. Rodriguez,* 553 N.Y.S.2d 490 (3d Dep't 1990)). Thus, once the plaintiff submits the mortgage, the unpaid note, and evidence of default, it has established a *prima facie* entitlement to judgment, and the burden shifts to the defendant to rebut the plaintiff's evidence. *United States v. Watts*, No. 13-CV-3211 (ADS) (WDW), 2014 WL 4275628, at *2-3 (E.D.N.Y. May 28, 2014); *see also BH99 Realty, LLC v. Qian Wen Li*, No. 10-CV-693 (FB) (JO), 2011 WL 1841530, at *5 (E.D.N.Y. Mar. 16, 2011).

This Court concludes that Plaintiff's factual allegations here should be deemed admitted. Specifically, this Court agrees that the Plaintiff has established a *prima facie* case for foreclosure upon providing the Mortgage Note, Mortgage and evidence of default by Defendants. *See* Pl. Compl. at Exs. C-E, ECF 20-2; Pl. Compl. at ¶16, ECF 20-2; Rabin Aff. at ¶¶ 7-15, ECF 20-4. The Plaintiff has met the procedural prerequisites as to all relevant Defendants and has met its burden of establishing a valid basis for its damages under Rule 55(b)(1) of the Federal Rules of Civil Procedure, with the exception to attorneys' fees.

As noted *supra*, Defendants have not answered Plaintiff's Complaint or otherwise defended this action. Therefore, Defendants have failed to rebut Plaintiff's *prima facie* showing that Plaintiff is entitled to a judgment of foreclosure and sale. Accordingly, this Court respectfully recommends that the District Court order that the Subject Property be foreclosed upon and sold.[12]

**B. Damages**

This court concludes that Plaintiff's Rabin Aff. and other supporting materials provides a sufficient basis to calculate damages without an inquest hearing as to the principal amount due, accrued interest, and property taxes. However, Plaintiff did not provide contemporaneous time records, or an accounting of hours expended in legal work as it relates to attorneys' fees, which will be addressed *infra*.

As liability has been established, this Court must now ascertain damages with "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). To

---

[12] Note, this Court also agrees with Plaintiff's Memo in Support at pdf pages 5-7 and the precedent cited therein that Plaintiff has standing to bring the instant Motion under New York law. In short, this Court agrees with Plaintiff's Memo in Support at 6-7 that: "In the instant case, the Note is indorsed to Plaintiff. The Note and Mortgage were in Plaintiff's possession prior to the commencement of the instant action. The law requires no more to establish Plaintiff's standing in this action." (citing *Cenlar FSB v. Tenenbaum*, 172 A.D.3d 806, 806-07 (2 Dep't 2019)) ("[T]he plaintiff demonstrated, prima facie, its standing to commence the action since the note, endorsed in blank, was attached as an exhibit to the complaint. This alone was sufficient to establish standing since it demonstrated that the plaintiff was in physical possession of the note at the time the action was commenced."). Again, Defendants have not even addressed standing, or any other part of Plaintiff's instant Motion anyway.

prove damages, the movant need only show that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992). An evidentiary hearing is not required so long as there is a basis, demonstrated through detailed affidavits and other documentary evidence, for the damages awarded. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (internal citations and quotations omitted); *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991).

Here, the Plaintiff has submitted with its Complaint and Memorandum of Law in Support of Plaintiff's Motion for Default Judgment of Foreclosure and Sale the supporting materials consisting of: the Mortgage Note, Mortgage, and Affidavit of Plaintiff's limited partner, Pamela Rabin.[13] *See* Pl. Compl. at Exs. C-D, ECF No. 20-2; Rabin Aff. at ¶¶ 5-15, ECF 20-4. These documents are sufficient to allow the Court to ascertain damages with "reasonable certainty," without holding a hearing for the principal amount due, accrued interest, and property taxes. This Court will now review Plaintiff's damages calculations in-depth below and provide clarification as needed.

1. *Plaintiff's Damages Calculations*

In the affidavit, Rabin asserted that the total amount owed on the loan was $445,560.52. Rabin Aff. at ¶ 15, ECF 20-4. Plaintiff requests total damages, comprising of the following:

| Category | Calculation | Amount Due | Totals |
|---|---|---|---|
| Outstanding Principal Balance | $650,000.00 (principal amount) – $350,000.00 (payment toward principal) | $300,000.00 | $300,000.00 |
| Interest | **(1) Interest at time of default: 11% paid in arrears,** between | $2,802.71 | |

---

[13] Pamela Rabin is Plaintiff's limited partner and has access to Plaintiff's business records including the business records relating to the Defendants' loan, as Borrowers, in the present action. Rabin Aff. at ¶¶ 1-2, ECF 20-4.

9

|  |  |  |  |
|---|---|---|---|
|  | November 16, 2021 and December 16, 2021 |  |  |
|  | **(2) Interest following time of default: 16%** between December 17, 2021 to September 27, 2023 | $85,613.01 | $109,437.63[14] |
|  | **(3) Interest earned on full principal amount: 11%** Loan amount of $650,000.00 from August 16, 2021 to November 15, 2021 | $18,021.91 |  |
|  | **(4) Additional interest for failure to close loan by December 16, 2021: 1%** 1% of $300,000.00 (balance at December 16, 2021) | $3,000.00 |  |
| Nassau County Property Taxes | Past Due Arrears | $17,174.56 | $19,234.90 |
|  | Interest for six months | $2,060.34 |  |
| Attorneys' Fees | Per terms of the Mortgage Note[15] | $16,888.00 | $16,888.00 |
| **Grand Total** |  |  | **$445,560.53**[16] |

See Rabin Aff. ¶¶ 6-15, ECF 20-4; Plaintiff's Memo in Support at 8, ECF 20-5.

    *a. Unpaid Principal Balance*

    Defendant Quantum received a total principal amount of $650,000.00 in return for execution of the Mortgage Note. *See* Pl. Compl. at Ex. D at 1, ECF No. 20-2. Quantum was

---

[14] Note, the total past due interest indicated in the Declaration of Regularity in Support of Default Judgment of Foreclosure and Sale and Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Default Judgment of Foreclosure and Sale was $109,437.62, a discrepancy of one cent from the Court's calculation adding the numbers that Plaintiff provided. *See* Decl. of Regularity Supp. Default J. at ¶ 6, ECF 20-1; Plaintiff's Memo in Support at 8, ECF 20-5.

[15] Note, as discussed *infra*, Plaintiff provided no documentation or calculations of attorneys' fees and this Court therefore recommends that attorneys' fees not be awarded.

[16] Note, the total sum of damages on Plaintiff's Declaration of Regularity in Support of Default Judgment of Foreclosure and Sale, the Rabin Aff., and Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Default Judgment of Foreclosure and Sale was $445,560.52, a discrepancy of one cent from the Court's calculated figure above of $445,560.53 when adding the numbers that Plaintiff provided. *See* Decl. of Regularity Supp. Default J. at ¶ 6, ECF 20-1, Rabin Aff. at ¶ 15, ECF 20-4, and Plaintiff's Memo in Support at 8, ECF 20-5.

obligated to repay this principal amount and accrued interest on or before December 16, 2021 under the terms of the Mortgage securing the Mortgage Note and executed by Defendants Quantum and Santopietro. *Id.*; Pl. Compl. at Ex. C at 1, ECF 20-2. Plaintiff's Complaint alleges that Defendants delivered to Plaintiff on November 16, 2021 a check in the amount of $350,000.00 rendering the unpaid principal balance of $300,000.00. *See* Pl. Compl. ¶13, ECF 20-2.[17] Plaintiff's submitted materials do not indicate that further payments from Defendants were received. Moreover, the Mortgage provides that failure by the Mortgagor to comply with the terms shall be an act of default providing the Mortgagee with all remedies available at law and in equity. *See* Pl. Compl. at Ex. C at ¶ 22, ECF 20-2. Further, the Mortgage provides that upon sale or transfer of the subject premises, the Note and Mortgage must be satisfied in full. *See* Pl. Compl. at Ex. C at ¶¶ 19, 21-22, ECF 20-2. Thus, this Court concludes that Plaintiff, as mortgagee, is entitled to recover the total unpaid principal balance of **$300,000.00** through foreclosure and sale of the subject property.

  *b. Interest*

Plaintiff also seeks recovery of $109,437.62 in accrued interest owing on the Note and Mortgage starting from November 16, 2021. *See* Rabin Aff. at ¶¶ 6-15, ECF 20-4; Plaintiff's Memo in Support at 8, ECF 20-5. The interest is calculated as follows with some minor adjustments made based upon the Court's own review of the pertinent calculations.

1. Pursuant to the terms of the Note and Mortgage, the annual interest rate was eleven percent (11%). *See* Pl. Compl. at Ex. C, ECF No. 20-2; Pl. Compl. at Ex. D, ECF 20-2. As such,

---

[17] Again, Defendants have not responded to Plaintiff's instant default Motion to date at all, including Plaintiff's calculations regarding payments made and the outstanding principal balance per the Rabin Aff. 4 at ¶ 15 and other supporting materials discussed *supra*.

between November 16, 2021 and December 16, 2021, Defendants owed interest totaling $2,802.71.  *See* Rabin Aff. at ¶ 9, ECF 20-4.

    a. The *per diem* amount of interest is calculated by multiplying the principal balance ($300,000.00) by the interest rate (11%) and then dividing that number by 365.  The *per diem* interest rate is multiplied by the number of days between November 16, 2021 and December 16, 2021.

        i. *per diem* rate = $90.41 (rounded to nearest hundredth)

        ii. $90.41 * 31 days = **$2,802.71** in interest

2. Pursuant to the terms of the Note and Mortgage, the default interest rate was sixteen percent (16%) starting on December 17, 2021 to September 27, 2023, making the total interest due $85,613.01, since the missed payment on December 16, 2021.  *See* Rabin Aff. at ¶ 9, ECF 20-4; Pl. Compl. at Ex. C, ECF 20-2; Pl. Compl. at Ex. D, ECF 20-2.

    a. The current interest rate is calculated by multiplying the principal balance by the applicable interest rate sixteen percent (16%) and then dividing that number by 365 days to obtain the per diem interest, equaling $131.51. *See* Rabin Aff. at ¶ 9, ECF 20-4. The *per diem* interest was then multiplied by 650 days (December 17, 2021 through September 27, 2023).

        i. *per diem* rate = $131.51 (rounded to nearest hundredth)

        ii. $131.51 * 650 days[18] = **$85,481.50** in interest

3. Further, additional interest was earned on the full principal amount of the loan, $650,000.00, from August 16, 2021 through November 15, 2021 at eleven percent (11%),

---

[18] Note, the total number of days between Friday, December 17, 2021 and Wednesday, September 27, 2023 (including the first and last day) is 650, which slightly adjusts the calculations since Plaintiff's figures use 651 days.  *See, e.g.*, Rabin Aff. at ¶ 9, ECF 20-4.  Specifically, the correct total here is **$85,481.50** instead of Plaintiff's figure $85,613.01.

totaling $18,021.91 and then dividing that number by 365 days to obtain the per diem interest. *See* Rabin Aff. 4 at ¶ 10, ECF 20-4.

    i.   *per diem* rate = 195.89041 per Plaintiff's calculation.

    ii.   195.89041[19] * 92 days = $18,021.91 *per diem* amount of interest per Plaintiff's calculation. Note, this total is not rounded to the nearest hundredth, otherwise the calculation would total **$18,021.92**. However, the Court will round to the nearest hundredth here for consistency with the other figures.

4. Finally, there was an additional origination fee equal to one percent (1%) for failure to close the loan by December 16, 2021 totaling **$3,000.00**. *See* Rabin Aff. at ¶ 11, ECF 20-4.

Based on the above calculations, this Court concludes that Plaintiff is entitled to the total past due interest on the entire loan of **$109,306.13**[20].

*c. Property Taxes*

According to Plaintiff's Affidavit of Statement of Damages, Plaintiff paid for delinquent property taxes due to Nassau County in 2022. *See* Rabin Aff. at ¶ 13, ECF 20-4. The amount paid includes the past due arrears of $17,174.56 and a two percent (2%) per month interest from February 8, 2023, which is $2,060.34, totaling $19,234.90. *Id.* Hence, Plaintiff requests $19,234.90 for Defendants' failure to pay real property taxes. *Id.;* Plaintiff's Memo in Support at

---

[19] Note, 195.89041 is the amount required to reach Plaintiff's requested total here. Given that Defendants have failed to respond, the Court will use Plaintiff's requested interest figure and then round the total up to the nearest hundredth as noted above.

[20] Note, unless otherwise stated, the total amounts for all calculations are rounded to the nearest hundredth. Additionally, the Court notes that the total stated above is $109,306.13 instead of $109,437.63 based upon the 650 days figure used (instead of the 651 days figure provided by Plaintiff) as discussed *supra* in paragraph 2 of this section.

8, ECF 20-5. Based upon Plaintiff's submission, this Court concludes awarding property tax damages totaling **$19,234.90** is warranted here.

*d. Reasonable Attorneys' Fees*

Plaintiff further requests $16,888.00 in attorney's fees. *See* Rabin Aff. at ¶¶ 14-15, ECF 20-4; Plaintiff's Memo in Support at 8, ECF 20-5. The Mortgage provides that the Mortgagor agrees to pay the costs, disbursements and reasonable attorneys' fees incurred by the Mortgagee in any such action or proceeding. *See* Pl. Compl. at Ex. C at ¶ 21, ECF 20-2. In calculating attorneys' fees, "a district court should consider the rate [a] reasonable, paying client would pay, and use that rate to calculate the presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 193 (2d Cir. 2008). The presumptively reasonable fee, or the lodestar, is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-N. R. Co.,* 658 F.3d 154, 166 (2d Cir. 2011). The party seeking to recover attorneys' fees bears the burden of establishing the reasonableness and necessity of hours spent and rates charged. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1147-48 (2d Cir. 1983). "The absence of contemporaneous records precludes any fee award in all but the most extraordinary of circumstances." *BH99 Realty, LLC v. Qian Wen Li,* 2011 WL 1841530, at *7 (citing *Scott v. City of N.Y.,* 626 F.3d 130, 133–34 (2d Cir. 2010)).

Here, Plaintiff did not provide *any* contemporaneous time records, or an accounting of hours expended in legal work and instead merely asserted the conclusory statement that "we are claiming attorneys' fees in the amount of $16,888.00." *See* Rabin Aff. at ¶ 14, ECF 20-4. Further, the evidence in the record does not suggest extraordinary circumstances. *Id*. In short, Plaintiff's Affidavit of Statement of Damages is insufficient to calculate a presumptively reasonable fee.

14

Therefore, this Court respectfully recommends that Plaintiff's request for attorneys' fees be denied.[21]

*e. Appointment of Referee*

Plaintiff requests appointment of a referee to sell the Mortgage premises in accordance with the terms set forth in the Complaint. *See* Decl. Regularity Supp. Default J. at 3[22], ECF 20-1. "[O]nce a plaintiff mortgagee in a foreclosure action has established a prima facie case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." *See, e.g.*, *Onewest Bank, N.A. v. Cole*, No. 14-CV-03078 (FB) (RER), 2015 WL 4429014, at *5 (E.D.N.Y. July 17, 2015), *as amended*, 2016 WL 11395013 (E.D.N.Y. Jan. 19, 2016), *adopted sub nom*, 2016 WL 1069951 (E.D.N.Y. Mar. 18, 2016) (quoting *U.S. v. Watts*, No. 13–CV–3211 (ADS)(WDW), 2014 WL 4275628, at *3 (E.D.N.Y. May 28, 2014), *adopted by*, 2014 WL 4293815 (E.D.N.Y. Aug. 28, 2014)). As noted *supra*, Defendants have not answered or otherwise responded with respect to Plaintiff's Complaint, and Defendants' timing to do so has expired. *See* Clerk's Certificate of Default, ECF 19; Plaintiff's Memo in Support at 3, ECF 20-5. Hence, this Court recommends appointment of a referee as well.

## V. CONCLUSION

For the foregoing reasons, this Court recommends the: (1) the granting of Plaintiff's Motion for Default Judgment be granted against Defendants jointly and severally totaling **$428,541.03** in damages, which is comprised of $300,000.00 of unpaid principal, $109,306.13 of

---

[21] Note, Paragraph 8 of the Declaration of Regularity in Support of Default Judgment of Foreclosure and Sale, states that: "Plaintiff does not request to recover attorneys' fees associated with the pursuit of this action," yet paragraph 6 of the same document lists attorney fees. *See* Decl. Regularity Supp. Default J. at ¶¶ 6 and 8, ECF 20-1. Either way, however, this Court reiterates that Plaintiff's failure to provide *any* contemporaneous time records here of legal work performed or any other similar documentation warrants the denial of attorneys' fees.
[22] This is a reference to pdf page 3 of the document since the pages are not numbered.

unpaid interest through September 27, 2023, and $19,234.90 in paid property taxes; (2) ordering the Foreclosure and Sale of the Property; and (3) appointing a referee to sell the mortgage premises. Plaintiff is directed to serve a copy of this Report and Recommendation upon all Defendants at their respective last known addresses via return receipt delivery and to file proof of service with the Court within three (3) days of the date of this Report and Recommendation.

## VI. OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.,* 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.,* 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn,* 474 U.S. 140 (1985).

**SO ORDERED.**

/s/ Steven Tiscione  
Steven Tiscione  
United States Magistrate Judge  
Eastern District of New York

Dated: Central Islip, New York  
February 29, 2024